# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **JOYCE LARSON, individually and on behalf of all persons similarly situated,** 621 Brookneil Drive Winchester, Virginia, 22602; **Plaintiff,** v. **TRUE SELECT LLC, d/b/a FIRSTLIGHT HOME CARE; GUARDIANLIGHT OF NORTHWESTERN VA INCORPORATED, d/b/a FIRSTLIGHT HOME CARE; KENDRA GHANBARI,** 109 Radford Ct. Stephens City, Virginia, 22655 **Defendants.** | CIVIL ACTION NO.: 5:21-cv-00077 Class and Collective Action Complaint |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Joyce Larson, individually and on behalf of all persons similarly situated, by undersigned counsel, seeks all available relief for unpaid overtime and for multiple acts of retaliation, against Defendants under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA") and the Virginia Overtime Wage Act, Va. Code. Ann. § 40.1-29.2 *et seq*. ("VOWA"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Any claims arising under state law, including those under VOWA, are properly before this Court pursuant to 28 U.S.C. § 1367.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claims occurred within this District, and Defendant conducts business in this District.

## PARTIES

3. Plaintiff Joyce Larson ("Larson" or "Plaintiff") is an individual currently residing in Winchester, Virginia. She has been employed by Defendants as an Office Assistant and a Home Care Worker (Caregiver) since approximately March 1, 2021. From approximately mid-September 2021 through November 1, 2021, Plaintiff had been employed exclusively as a Home Care Worker (Caregiver) out of Defendants' Winchester office. Pursuant to 29 U.S.C. § 216(b), Larson has consented in writing to being a plaintiff in this action. See Ex. A.

4. Defendant True Select, LLC, d/b/a FirstLight Home Care ("True Select"), is a Virginia Limited Liability Company headquartered in Stephens City, Virginia.

5. Defendant GuardianLight of NW Virginia, Incorporated, d/b/a FirstLight Home Care ("GuardianLight" and collectively with True Select, "Corporate Defendants"), is a Virginia Corporation headquartered in Stephens City, Virginia.

6. Defendant Kendra Ghanbari is the owner, principal and managing agent for Corporate Defendants and was responsible for designing and implementing the illegal payroll practices at issue in this action.

7. Defendants are in the business of providing home care services to the elderly and others who require hands on home care. Defendant operates out of at least four local regional offices in Virginia: Winchester, Fairfax, Charlottesville and Woodbridge.

## CLASS DEFINITIONS

8. Plaintiff brings Count I of this lawsuit as a class action pursuant to Fed. R. Civ. P.

23, on behalf of herself and the following class:

> All current or former Home Care Workers (including but not limited to Caregivers, Home Health Aides, Certified Nursing Assistants, Care Coordinators, Companion Care and Personal Case Assistants) of True Select, LLC or GuardianLight of Northwestern VA, Incorporated (collectively "First Light"), who were not paid overtime compensation at 150% of their applicable regular rates of pay for at least one workweek since July 1, 2021 in which they worked in excess of forty (40) hours in Virginia (the "Virginia Class").

9. Plaintiff also brings Count II of this lawsuit as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of herself and the following class of potential opt-in litigants:

> All current or former Home Care Workers (including but not limited to Caregivers, Home Health Aides, Certified Nursing Assistants, Care Coordinators, Companion Care and Personal Case Assistants) of True Select, LLC or GuardianLight of Northwestern VA, Incorporated (collectively "First Light"), who were not paid overtime compensation at 150% of their applicable regular rates of pay for at least one workweek in the previous three years in which they worked in excess of forty (40) hours in the United States (the "FLSA Class").

10. The Virginia Class and the FLSA Class are together referred to as the "Classes."

11. Plaintiff reserves the right to redefine the Classes and to assert claims on behalf of other classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

### Work and Compensation Structure

12. From approximately March 1, 2021 until approximately mid-September 2021, Plaintiff worked approximately 40 hours per week as a salaried Office Assistant (performing non-exempt secretarial duties) and approximately one 24 hour shift as an hourly-compensated Home Care Worker. Plaintiff never received overtime premium pay in any workweek.

13. Beginning in approximately mid-September 2021, Plaintiff worked approximately 48 hours in each of two workweeks (e.g., 48 hours in one week and 48 hours in another week)

exclusively as a Home Care Worker.

14. Neither Plaintiff nor any members of the Classes were paid an overtime premium for any hours worked in excess of 40 in any given workweek.

### Individual Liability – Kendra Ghanbari

15. Defendant Ghanbari is an owner and managing agent of Corporate Defendants.[1]

16. Ghanbari directed the work (directly and through intermediaries such as supervisor Wendy Stanton) of Plaintiff and the Classes.

17. Ghanbari had the power to, and did, hire, fire and discipline Home Care Workers employed by Corporate Defendants.

18. Ghanbari controlled payroll decisions of Corporate Defendants, including the decision not to pay Plaintiff and the Classes overtime compensation.

19. Ghanbari was in charge of human resource and employee safety issues at Corporate Defendants.

20. As described herein, Ghanbari exercised supervisory authority over Plaintiff and the Classes.  Furthermore, Ghanbari also exercised discretionary control over payroll decisions with respect to Plaintiff and the Classes.  Thus, Ghanbari also was an employer within the meaning of the FLSA and VOWA.

### Single Employer/Alter-Egos

21. Corporate Defendants constitute a single employer and are alter-egos of each other for at least the following reasons:

    a. True Select is in the same line of business (home care services) as GuardianLight

    b. True Select had the same ownership, executive (and subordinate) management as

---

[1] https://www.firstlighthomecare.com/home-care-stephens-city-fairfax-manassas/

       GuardianLight, including at least Kendra Ghanbari and Wendy Stanton.

c. True Select generally employed the same or similar employees as GuardianLight (Home Care Workers) and utilized the same human resources and labor relations personnel.

d. True Select generally operated out of the same physical location(s) as GuardianLight in at least their Winchester, Fairfax, Charlottesville and Woodbridge offices.

e. True Select generally served the same or similar customers as GuardianLight (home care patients).

f. True Select generally possessed the same or similar assets and equipment as GuardianLight.

### **Willfulness/Retaliation**

22. On multiple occasions, Plaintiff and other members of the Classes complained to their supervisors concerning Defendant's practices of failing to pay Home Care Workers an overtime premium when they worked in excess of forty (40) hours in a workweek.

23. For example, on or about October 8, 2021, Plaintiff complained to her supervisor Wendy Stanton as to why she was not paid an overtime premium for the prior workweek(s) in which she worked in excess of forty hours as a Home Care Worker servicing a family in their home. Ms. Stanton emphatically stated that Ghanbari would not be paying Home Care Workers overtime pay.

24. As a direct retaliatory response to Plaintiff's complaint to Defendants regarding her right to overtime compensation, Defendants, via Ms. Stanton (and upon information and belief, in consultation with co-Defendant Kendra Ghanbari), cut Plaintiff's weekly work schedule (and thus

her pay) from two 24-hour days (48 hours) to one 24-hour day (24 hours).

25. After Defendants willfully refused to pay Plaintiff and the Classes overtime pay even after explicit complaints, Plaintiff spoke with other class members as to whether they would be interested in pursuing unpaid overtime claims. Plaintiff has a statutorily protected right under the National Labor Relations Act ("NLRA") to speak with others concerning terms and conditions of employment, including employee pay issues. 29 U.S.C. § 151, *et seq.*

26. In late October 2021, Defendants, through Ghanbari, learned that Plaintiff was speaking with others concerning unpaid overtime issues. Initially, Ghanbari demanded that Plaintiff immediately come into the office on her day off for a meeting. Plaintiff was not available for that meeting and thus with only one or two business days' notice, Defendant Ghanbari scheduled a mandatory meeting with Plaintiff at the Winchester office on a Monday, which was also a non-working day for Plaintiff.

27. Defendant Ghanbari required Plaintiff to show up to the Winchester office meeting at noon on Monday, November 1, 2021. Plaintiff attended the meeting. At this meeting, Ghanbari and Stanton both complained that Plaintiff should not be speaking with other co-workers about unpaid overtime, despite Plaintiff's clear statutory right to do so under the FLSA and the NLRA. For the first time during Plaintiff's employment, Ghanbari falsely alleged (as pretext) that Plaintiff was insubordinate and incompetent at her job.

28. Ghanbari requested that Plaintiff discuss her legal claims with her. Plaintiff responded that any questions concerning her legal claims should be directed to her counsel. In blatant retaliation for her protected complaints, Ghanbari then immediately terminated Plaintiff's employment.

29. Defendants knew that Plaintiff and the Classes were not paid an overtime premium

for all hours worked in excess of forty (40) in a workweek and knew they were not exempt from an entitlement to an overtime premium under either the FLSA or VOWA.

30. Defendants are sophisticated businesses and a business owner with access to knowledgeable human resource specialists and competent labor counsel.

31. Defendants acted willfully and with reckless disregard of clear FLSA and VOWA provisions by failing to compensate Plaintiff and the Classes with an overtime premium of 150% of their regular rates of pay for all hours worked in excess of 40 during the workweek.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class defined above.

33. Plaintiff desires to pursue her FLSA claims individually and on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

34. Plaintiffs and the FLSA Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked as Home Care Workers pursuant to Defendants' previously described common pay practices and, as a result of those practices, were not paid overtime wages as required by 29 U.S.C. § 207.  Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common compensation, timekeeping, and payroll practices.

35. The similarly situated employees are known to Defendants, are readily identifiable, and may be located through Defendants' business and human resource records.

36. Defendants employ many FLSA Class Members.  These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively

adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

37. Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the Virginia Class as defined above.

38. The members of the Virginia Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 100 members of the class throughout the Commonwealth.

39. Plaintiff will fairly and adequately represent and protect the interests of the Virginia Class because there is no conflict between the claims of Plaintiff and those of the class, and Plaintiff's claims are typical of the claims of the class. Plaintiff's counsel is competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

40. There are questions of law and fact common to the proposed class, which predominate over any questions affecting only individual class members, including, without limitation: whether Defendants violated and continues to violate VOWA through their policy or practice of failing to pay its employees at applicable overtime wage of 150% of their regular hourly rates of pay.

41. Plaintiff's claims are typical of the claims of the class in the following ways, without limitation: (a) Plaintiff is a member of the Virginia Class; (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Virginia Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the Virginia Class and involve similar factual circumstances; (d) there are no conflicts between the

interests of Plaintiff and the class members; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the class members.

42. As to the Virginia Class, certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the classes predominate over any questions affecting only individual class members.

43. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The class is readily identifiable from Defendants' own employment records. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants.

44. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

45. Without a class action, Defendants will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and class members. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I – Unpaid Overtime
## Violation of VOWA
## (Plaintiff and the Virginia Class v. Defendants)

46. All previous paragraphs are incorporated as though fully set forth herein.

47. The Virginia Overtime Wage Act ("VOWA") requires that covered employees be compensated for all hours worked, including all those in excess of forty (40) hours per week at 150% of the regular rate of pay. *See* Va. Code Ann. § 40.1-29.2(B).

48. Corporate Defendants are subject to the overtime requirements of the VOWA because they are each an employer under Va. Code Ann. § 40.1-29.2(A).

49. Corporate Defendants are further a single employer (and alter-egos of each other) because they are functionally integrated with common facilities, common labor relations personnel, and common ownership and managing agents including co-Defendant Ghanbari.

50. Ghanbari is subject to the wage requirements of the VOWA because she is an "employer" who exercised supervisory control over Plaintiff and the Virginia Class and accordingly acted in the interest of Corporate Defendants in designing and enforcing the illegal payroll practices at issue in this action.

51. During all relevant times, Plaintiff and the Virginia Class were covered employees of Defendants entitled to the above-described VOWA protections. *Id.*

52. Defendants failed to compensate Plaintiff and the Virginia Class at 150% of their regular rates of pay for hours worked in excess of forty (40) hours per week, in violation of Va. Code Ann. § 40.1-29.2(B).

53. Defendants are not exempt from VOWA's overtime pay requirements with respect to Plaintiff and the Virginia Class.

54. Pursuant to Va. Code Ann. §§ 40.1-29.2(F) and 40.1-29(J), employers, such as

Defendants, who fail to pay an employee wages in conformance with the VOWA shall be liable to the employee for the wages or expenses that were not paid, pre and post judgment interest, liquidated damages of up to 200% of unpaid wages, court costs and attorneys' fees incurred in recovering the unpaid wages.

**COUNT II – Unpaid Overtime**
**Violation of the FLSA**
**(Plaintiff and the FLSA Class v. Defendants)**

55. All previous paragraphs are incorporated as though fully set forth herein.

56. The FLSA requires that covered employees be compensated at a rate of not less than one and one half their regular rate of pay ("Overtime Rate") for all hours worked in excess of forty (40) hours per week.  *See* 29 U.S.C. § 207(a)(1).

57. Corporate Defendants are subject to the wage requirements of the FLSA because they are each an "employer" under 29 U.S.C. § 203(d).

58. Corporate Defendants are further a single employer (and alter-egos of each other) because they are functionally integrated with common facilities, common labor relations personnel, and common ownership and managing agents including co-Defendant Ghanbari.

59. Ghanbari is subject to the wage requirements of the FLSA because she is an "employer" under 29 U.S.C. § 203(d), as she exercised supervisory control over Plaintiff and the FLSA Class and accordingly acted in the interest of Corporate Defendants in designing and enforcing the illegal payroll practices at issue in this action.

60. During all relevant times, Plaintiff and the FLSA Class were covered employees of Defendants, and as such were entitled to the above-described FLSA protections.  *See* 29 U.S.C. § 203(e).

61. Plaintiff and the FLSA Class are not exempt from the requirements of the FLSA.

Plaintiffs and the FLSA Class are entitled to be paid at 150% of their regular hourly rates for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

62. Defendants failed to comply with 29 U.S.C. § 207(a)(1) by failing to compensate Plaintiff and the FLSA Class at 150% of their regular hourly rates for all hours worked over forty (40) in a workweek.

63. Defendants knowingly failed to compensate Plaintiff and the FLSA Class at 150% of their regular hourly rates for all hours worked in excess of forty (40) hours per workweek, in violation of 29 U.S.C. § 207(a)(1).

64. Defendants also failed to make, keep, and preserve records with respect to Plaintiff and the FLSA Class sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(a)(5).

65. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

66. Pursuant to 29 U.S.C. § 216(b), employers such as Defendants, who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

**COUNT III – Retaliation, 29 U.S.C. § 215(a)(3)**
**(Plaintiff v. Defendants)**

67. All previous paragraphs are incorporated as though fully set forth herein.

68. It is unlawful for an employer "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA]." See 29 U.S.C. § 215(a)(3).

69. The FLSA requires that covered employees be compensated at a rate of not less

than one and one half their regular rate of pay ("Overtime Rate") for all hours worked in excess of forty (40) hours per week.  *See* 29 U.S.C. § 207(a)(1).

70. As previously explained, Defendants' compensation scheme applicable to Plaintiff and the FLSA Class failed to comply with 29 U.S.C. § 207.

71. Plaintiff engaged in protected activity when she complained to her supervisor Wendy Stanton and to Ghanbari that she worked in excess of forty hours without receiving an overtime premium, as well as when she contacted other employees to discuss their common unpaid overtime claims. 36. *Kasten v. Saint-Gobain Performance Plastics Corp*., 563 U.S. 1 (2011).

72. On or about October 2021, Defendants retaliated against Plaintiff by reducing her work shifts from two days (48 hours) to one day (24 hours).

73. On or about November 1, 2021, Defendants again retaliated against Plaintiff by terminating her employment.

74. Plaintiff's protected complaints were the direct and proximate cause of Defendants' reduction of Plaintiff's work hours and of her eventual termination of employment.

75. Defendant willfully retaliated against Plaintiff by reducing her work hours because she engaged in the aforementioned protected activity, in violation of 29 U.S.C. § 215(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly-situated, seeks the following relief:

a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class members;

c. An order permitting this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23 on behalf of the Virginia Class;

    d. Unpaid overtime wages and prejudgment interest to the fullest extent permitted under the law;

    e. Liquidated damages and penalties to the fullest extent permitted under the law;

    f. As to Plaintiff individually, back pay, front pay, compensatory and punitive damages due as a result of Defendants' retaliatory reduction in Plaintiff's work shifts, to the fullest extent permitted under the law;

    g. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

    h. Such other and further relief as this Court deems just and proper.

Dated: November 3, 2021

Respectfully Submitted,

GOODLEY MCCARTHY LLC

by: /s/ James E. Goodley
James E. Goodley (VA 87573)
Ryan P. McCarthy*
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 394-0541
james@gmlaborlaw.com
ryan@gmlaborlaw.com

*Attorneys for Plaintiff and the Classes*

*\*Pro hac vice application forthcoming*