IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| JOYCE LARSON, individually and on behalf of all persons similarly situated, | : : : |
| Plaintiff | : Case No.: 5:21-cv-00077-TTC |
| v. | : : Class/Collective Action |
| TRUE SELECT, LLC, et al. | : : : |
| Defendants. | : : |

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
<u>MOTION FOR CONDITIONAL CERTIFICATION</u>

Dated: January 4, 2022

Respectfully Submitted,

<u>/s/ James E. Goodley</u>
James E. Goodley (VSB 87573)
Ryan P. McCarthy*
GOODLEY MCCARTHY LLC
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 394-0541
james@gmlaborlaw.com
ryan@gmlaborlaw.com

*Attorneys for Plaintiff and the Classes*
*\* Pro Hac Vice Application to be Filed*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................................ i

INTRODUCTION .......................................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND .................................................................... 2

    A.    Procedural History .................................................................................................. 2

    B.    The Parties .............................................................................................................. 2

    C.    Plaintiff Challenges a Common Illegal Pay Practice ............................................. 4

    D.    Declaration Testimony Confirms that All Home Care Workers Were Subjected to a Common Plan Whereby They Were Denied Overtime Wages by Defendants ........... 4

ARGUMENT .................................................................................................................................. 5

I.    Standard for Conditional Collective Action Certification ................................................. 5

    A.    Generally ................................................................................................................ 5

    B.    Courts Within This Circuit Apply a Two-Step Certification Process .................... 6

    C.    Defendants' Uniform Failure to Pay Their Hourly Home Care Workers Overtime Pay For All Hours Worked Establishes a Common Policy Toward All Home Care Workers; Merits and Damages Should Not Be Considered At This Stage ................. 8

II.    The Court Should Provisionally Certify This Case as a Collective Action and Issue Notice to all FLSA Class Members Who Worked Within the Past Three Years ............. 9

III.    Notice Should Issue Promptly ......................................................................................... 10

IV.    Notice Should Issue Over First Class and Electronic Mail; the Notice Period Should Be 60 Days, With a 30 Day Reminder Notice ....................................................................... 11

CONCLUSION ............................................................................................................................. 13

# **TABLE OF AUTHORITIES**

### Statutes
29 U.S.C. § 201 ............................................................................................................. 1
29 U.S.C. § 216 .................................................................................................. 1, 4, 5, 6
29 U.S.C. § 256 ........................................................................................................ 6, 10

### Case Law

*Ansoumana v. Gristede's Operating Corp.*,
   201 F.R.D. 81 (S.D.N.Y. 2001) ............................................................................... 9

*Belt v. P.F. Chang's China Bistro, Inc.*,
   2020 U.S. Dist. LEXIS 119283 (E.D. Pa. Jul. 8, 2020) ......................................... 11

*Castillo v. P & R Enterprises, Inc.*,
   517 F. Supp. 2d 440 (D.D.C. 2007) ....................................................................... 11

*Chase v. AIMCO Props.*,
   374 F. Supp. 2d 196 (D.D.C. 2005) ......................................................................... 8

*Choimbol v. Fairfield Resorts, Inc.*,
   475 F. Supp. 2d 557 (E.D. Va. 2006) ...................................................................... 6

*Clark v. Williamson*,
   2018 U.S. Dist. LEXIS 54311 (M.D.N.C. Mar. 30, 2018) .................................. 8, 9

*Contreras v. Land Restoration LLC*,
   2017 WL 663560 (W.D. Tex. Feb. 17, 2017) ....................................................... 11

*Edwards v. Optima Health Plan*,
   2021 U.S. Dist. LEXIS 59724 (E.D. Va. Mar. 29, 2021) ................................... 6, 12

*Encinas v. J.J. Drywall Corp.*,
   265 F.R.D. 3 (D.D.C. 2010) .................................................................................. 12

*Edwards v. Optima Health Plan*,
   2021 U.S. Dist. LEXIS 59724 (E.D. Va. Mar. 29, 2021) ...................................... 10

*Colon v. Major Perry St. Corp.*,
   2013 WL 3328223 (S.D.N.Y. July 2, 2013) ........................................................... 9

*Gallagher v. Charter Foods*,
   2021 U.S. Dist. LEXIS 116930 (W.D. Pa. June 23, 2021) ................................... 11

*Gortat v. Capala Bros.*,
  2010 U.S. Dist. LEXIS, *30 (E.D.N.Y. Apr. 9, 2010) .......................................................... 11

*Hallissey v. Am. Online, Inc.*,
  2008 WL 465112 (S.D.N.Y. Feb. 19, 2008) ...................................................................... 11

*Harris v. Vector Mktg. Corp.*,
  716 F.Supp.2d 835 (N.D. Cal. 2010) ................................................................................ 12

*Hoffman-La Roche Inc. v. Sperling*,
  493 U.S. 165 (1989) ................................................................................................. 1, 5, 6

*In re AM Int'l, Inc. Sec. Litig.*,
  108 F.R.D. 190 (S.D.N.Y. 1985) ......................................................................................... 9

*Knepper v. Rite Aid Corp.*,
  675 F.3d 249 (3d Cir. 2012) ................................................................................................ 2

*Lancaster v. FQSR*,
  2020 U.S. Dist. LEXIS 166285 (D. Md. Sep. 11, 2020) ....................................................... 7

*Lynch v. United Servs. Auto. Ass'n*,
  491 F. Supp. 2d 357 (S.D.N.Y. 2007) ............................................................................. 7, 9

*McPherson v. LEAM Drilling Sys., LLC*,
  2015 WL 1470554 (S.D. Tex. Mar. 30, 2015) .................................................................. 11

*Morris v. Lettire Const., Corp.*,
  896 F. Supp. 2d 265 (S.D.N.Y. 2012) ............................................................................... 12

*Mott v. Driveline Retail Merch., Inc.*,
  23 F. Supp. 3d 483 (E.D. Pa. 2014) .................................................................................. 12

*Dillon v. Jackson Home Care Servs.*, LLC
  2017 U.S. Dist. LEXIS 126718 (W.D. Tenn. Aug. 10, 2017) ............................................... 8

*Sanchez v. Sephora USA, Inc.*,
  2012 WL 2945753 (N.D. Cal. July 18, 2012) ................................................................... 12

*Stacy v. Jennmar Corp. of Va., Inc.*,
  2021 U.S. Dist. LEXIS 198258 (W.D. Va. Oct. 14, 2021) ...................................... 7-8, 9, 12

*Syed v. M-I, L.L.C.*,
  2014 WL 6685966 (E.D. Cal. Nov. 26, 2014) .................................................................. 11

*Valencia v. Armada Skilled Home Care of NM, LLC,*

2020 U.S. Dist. LEXIS 93206 (D.N.M. May 28, 2020) ........................................................... 8

Case 5:21-cv-00077-TTC   Document 14   Filed 01/04/22   Page 5 of 18   Pageid#: 64

**INTRODUCTION**

This is a class/collective action lawsuit seeking unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and state law.  Plaintiff Joyce Larson ("Plaintiff" or "Larson"), brings this action individually and on behalf of other similarly-situated past and current Home Care Workers who performed work in the United States for Defendants at any time within the past three years and did not receive overtime premium pay when they worked more than forty (40) hours in any workweek.  For the reasons described below and pursuant to 29 U.S.C. § 216(b), Plaintiff respectfully requests that the Court:

1. Conditionally certify a class of all persons who are working or have performed work in the United States for True Select and/or GuardianLight as a Home Care Worker (including but not limited to Caregivers, Home Health Aides, Certified Nursing Assistants, Care Coordinators, Companion Care and Personal Case Assistants) at any time within the past three years and who were not paid overtime compensation at 150% of their applicable regular rates of pay in a workweek in which they worked in excess of forty (40) hours (collectively "Home Care Workers" or the "FLSA Class");[1]

2. Order Defendant to produce to Plaintiff's counsel the names, last known addresses, telephone numbers, and email addresses of all potential members of the FLSA Class within ten (10) days of the date of the Order;

3. Permit Plaintiff to issue notice to all potential members of the FLSA Class by first-class mail, electronic mail and text message, informing them of their right to opt in to this case;

---

[1] With regard to those who have already filed a signed consent form with the Court, those members of the FLSA Class have an earlier limitations period, tolled as of the dates of their filings.

1

4. Order an opt-in period of sixty (60) days, beginning from the date of Plaintiff's first issuance of notice;

5. Allow Plaintiff to send reminder notices by first-class mail, electronic mail and text message to all potential members of the FLSA Class who have not yet responded to notice within forty-five (45) days of the first issuance of notice;

6. Approve Plaintiff's proposed form of notice, attached hereto as Exhibit D, and Plaintiff's proposed Opt-In Consent Form, attached hereto as Exhibit E, to be included in the issuance of notice pursuant to paragraphs 3-5;

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Procedural History

On November 3, 2021, Plaintiff Larson filed this hybrid[2] Class/Collective Action Lawsuit, on behalf of herself and other similarly-situated past and current Home Care Workers (collectively "Home Care Workers") employed by one or more of Corporate Defendants within the past three years, alleging unpaid overtime wage violations. **ECF No. 1**.

### B. The Parties

Defendant True Select is a Virginia Limited Liability Company headquartered in Stephens City, Virginia and operating throughout the state. Defendant GuardianLight is a Virginia Corporation headquartered in Stephens City, Virginia and operating throughout the

---

[2] A "hybrid" action refers to a wage and hour action in which FLSA claims are asserted on a collective action (opt-in) basis and state law claims (such as VOWA in Count I) are asserted on a Rule 23 (opt-out) class basis. *See, e.g.*, *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 261 (3d Cir. 2012) ("In sum, we disagree with the conclusion that jurisdiction over an opt-out class action based on state-law claims that parallel the FLSA is inherently incompatible with the FLSA's opt-in procedure."). This motion concerns only the FLSA collective action aspect. Plaintiff of course reserves all rights to move for class certification of the VOWA claims under Rule 23 after discovery is taken.

state. Defendants are in the business of providing home care services to the elderly and others who require hands-on home care. Defendants operate out of at least four local regional offices in Virginia: Winchester, Fairfax, Charlottesville and Woodbridge.  **Compl. ¶¶ 4-7.**

Defendant Ghanbari is the owner, principal and managing agent for Corporate Defendants and was responsible for designing and implementing the illegal payroll practices at issue in this action.  **Compl. ¶ 6.**

Corporate Defendants constitute a single employer and are alter-egos of each other for at least the following reasons:

    a.    True Select is in the same line of business (home care services) as GuardianLight

    b.    True Select had the same ownership, executive (and subordinate) management as GuardianLight, including at least Kendra Ghanbari and Wendy Stanton.

    c.    True Select generally employed the same or similar employees as GuardianLight (Home Care Workers) and utilized the same human resources and labor relations personnel.

    d.    True Select generally operated out of the same physical location(s) as GuardianLight in at least their Winchester, Fairfax, Charlottesville and Woodbridge offices.

    e.    True Select generally served the same or similar customers as GuardianLight (home care patients).

    f.    True Select generally possessed the same or similar assets and equipment as GuardianLight.

**Compl. ¶ 21.**

Plaintiff Larson was employed by Defendants as an Office Assistant and a Home Care Worker (Caregiver) since approximately March 1, 2021. From approximately mid-September 2021 through November 1, 2021, Plaintiff had been employed exclusively as a Home Care Worker (Caregiver) out of Defendants' Winchester office. **Compl. ¶ 3**.

Pursuant to 29 U.S.C. § 216(b), Plaintiff consented in writing to her party status in this action. **Compl. ¶ 3, ECF No. 1, Ex. A**.

C. **Plaintiff Challenges a Common Illegal Pay Practice**

In the Complaint, Plaintiff alleges that she and other Home Care Workers:

1. were employed by True Select and/or GuardianLight within the last three (3) years as a Home Care Worker in Virginia, **Compl. ¶¶ 3, 8-9, 12-14, 34;**

2. provided clearly non-exempt home-care services such as bathing, dressing and other caregiving services to clients, **Compl. ¶¶ 3, 8-9, 12-14, 34, 61;**

3. were compensated on an hourly basis as a Home Care Worker, **Compl. ¶¶ 12, 34;**

4. worked more than 40 hours in at least one workweek during the Class Period in which they did not receive overtime premium pay, **Compl. ¶¶ 13-14, 22, 34;**

D. **Declaration Testimony Confirms that All Home Care Workers Were Subjected to a Common Plan Whereby They Were Denied Overtime Wages by Defendants**

The declarations[3] of Plaintiff, as well as Home Care Workers Monique Lassiter and Katherine Ailor (collectively "Declarants"), all confirm the allegations of the Complaint that Defendants' scheme to illegally deny overtime pay as required by the FLSA was a policy universally applied to all Home Care Workers. Declarants testified that they:

---

[3] The declarations offered in support of this Motion are referred to as follows: **Ex. A**, Declaration of Joyce Larson ("Larson Decl."); **Ex. B**, Declaration of Monique Lassiter ("Lassiter Decl."); **Ex. C**, Declaration of Katherine Ailor ("Ailor Decl.").

4

1. were employed by True Select and/or GuardianLight within the last three (3) years as a Home Care Worker in Virginia, **Larson Decl. ¶¶ 2-4; Lassiter Decl. ¶ 1; Ailor Decl. ¶ 1;**

2. provided clearly non-exempt home-care services such as bathing, dressing and other caregiving services to clients, **Larson Decl. 7; Lassiter Decl. ¶ 1; Ailor Decl. ¶ 2;**

3. were compensated on an hourly basis as a Home Care Worker, **Larson Decl. ¶ 11; Lassiter Decl. ¶ 4; Ailor Decl. ¶ 4;**

4. worked more than 40 hours in at least one workweek during the Class Period in which they did <u>not</u> receive overtime premium pay, **Larson Decl. ¶¶ 14; Lassiter Decl. ¶ 7; Ailor Decl. ¶ 4.**

## ARGUMENT

I. **Standard for Conditional Collective Action Certification**

   A. **Generally**

The FLSA permits a plaintiff to pursue a collective action on his or her own behalf and on behalf of "other employees similarly situated." 29 U.S.C. § 216(b). "A collective action allows [] plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [illegal] activity." *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 170, 110 S. Ct. 482, 486 (1989).

For others in the putative class to participate in FLSA litigation, they must affirmatively sign a consent form, which must be filed on the docket by Plaintiff's Counsel. 29 U.S.C. § 216(b) ("No employee be a party plaintiff to any such action unless he gives his consent in

writing to become such a party and such consent is filed in the court in which such action is brought."). It is only at the point that a consent form is filed that a putative class member's claim is tolled, 29 U.S.C. § 256, which means that <u>time is of the essence</u>.

Putative class members cannot make the important decision to join a collective action unless they are made aware of that right. Therefore, "district courts have discretion, in appropriate cases, to implement [Section 216(b)] by facilitating notice to potential plaintiffs." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989). For putative class members to be informed of their right to join this case, Plaintiff seeks, according to *Hoffmann-La Roche* and precedent within this Circuit, the Court's authorization to send notice to all putative members of this collective action pursuant.

### B.  Courts Within This Circuit Apply a Two-Step Certification Process

In order to evaluate the question of whether employees are similarly situated within the meaning of 29 U.S.C. § 216(b), district courts within the Fourth Circuit generally apply a two-step certification process. *See, e.g.*, *Edwards v. Optima Health Plan*, Civ. A. No. 20-192 (RCY), 2021 U.S. Dist. LEXIS 59724, at *9 (E.D. Va. Mar. 29, 2021) ("First, at step one, the Court decides whether to conditionally certify the class and authorize notice to those who are 'similarly situated.' Then, after discovery concludes, step two commences if the defendant challenges the certification of the plaintiff and putative class members as similarly situated, at which point the plaintiff must satisfy a higher burden of proof.") (citing *McNeil v. Faneuil, Inc.*, 2016 U.S. Dist. LEXIS 199392 (E.D. Va. July 29, 2016) and *Houston v. URS Corp.*, 591 F. Supp. 2d 827, 831-32 (E.D. Va. 2008)); *see also Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 562 (E.D. Va. 2006) ("federal precedent has developed a two-step analysis for establishing 'similarly situated' Plaintiffs and granting conditional certification in FLSA cases.") (collecting cases);

*Lancaster v. FQSR*, Civ. A. No. TDC-19-2632, 2020 U.S. Dist. LEXIS 166285, at *7 (D. Md. Sep. 11, 2020) ("Although the [] Fourth Circuit has not provided specific guidance on how to address a motion for conditional certification of an FLSA collective action, decisions from other Courts of Appeals have identified, and judges [in] the District of Maryland generally apply, a two-step process to test the sufficiency of the purported class.").

"The bar at step one is much easier to satisfy, with courts characterizing the standard as 'fairly lenient' and requiring production of only 'minimal evidence.'" *Edwards*, 2021 U.S. Dist. LEXIS 59724, at *9 (quoting *Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 562 (E.D. Va. 2006)). "At this stage, the Court does not need to resolve factual disputes or decide substantive issues." *Id*. "District courts have generally found that the primary focus at step one is on legal issues, and that the plaintiffs' and prospective class members' circumstances do not need to be factually identical." *Id*. at *10 (citing *Choimbol*, 475 F. Supp. 2d at 563). The standard is satisfied where plaintiff produces evidence that other potential class members are subject to a common illegal policy. *Sperling v. Hoffman-La Roche, Inc.,* 118 F.R.D. 392, 400-02 (D.N.J. 1988); *aff'd in part,* 862 F.2d 439, 444 (3d Cir. 1988), *aff'd,* 493 U.S. 165, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989) (in the first stage "courts appear to require nothing more than substantial allegations that the putative class member were together victims of a single decision, policy, or plan.").

During the notice stage, courts "do[] not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) (citing *Barrus v. Dick's Sporting Good, Inc.,* No. 05–CV–6253, 2006 WL 3373117, at *4 (W.D.N.Y. Nov. 3, 2006)); *see also Stacy v. Jennmar Corp. of Va., Inc.*, No. 1:21CV00015, 2021 U.S. Dist. LEXIS 198258, at *4 (W.D. Va.

Oct. 14, 2021) ("At this stage, the merits of the claims are not relevant, and the court is not resolving factual disputes or making credibility determinations.") (citing *Spencer v. Macado's, Inc.*, No. 6:18-CV-00005, 2019 U.S. Dist. LEXIS 167312, 2019 WL 4739691, at *2 (W.D. Va. Sept. 27, 2019)). It is only at the second stage that "the plaintiffs may engage in discovery to buttress their case that putative class members are similarly situated, and to gather the evidence necessary to meet their burden of proof on the merits <u>when discovery is complete</u>," *Chase v. AIMCO Props.*, 374 F. Supp. 2d 196, 200 (D.D.C. 2005) (emphasis added).

    **C.**    **Defendants' Uniform Failure to Pay Their Hourly Home Care Workers Overtime Pay For All Hours Worked Establishes a Common Policy Toward All Home Care Workers; Merits and Damages Should Not Be Considered At This Stage**

Courts have found it appropriate to conditionally certify classes of home care nurses and similar employees based on FLSA overtime violations. *See, e.g.*, *Dillon v. Jackson Home Care Servs.*, LLC, No. 1:16-cv-01300-STA-egb, 2017 U.S. Dist. LEXIS 126718, at *13 (W.D. Tenn. Aug. 10, 2017) (conditionally certifying class of home health care providers paid on a per-visit basis without overtime); *Clark v. Williamson*, No. 1:16cv1413, 2018 U.S. Dist. LEXIS 54311, at *10 (M.D.N.C. Mar. 30, 2018) (conditionally certifying class of home health care workers allegedly misclassified as independent contractors); *Valencia v. Armada Skilled Home Care of NM, LLC*, No. 18-1071 KG/JFR, 2020 U.S. Dist. LEXIS 93206, at *3, 9 (D.N.M. May 28, 2020) (conditionally certifying class of "home health Registered Nurses, Physical Therapists, Occupational Therapists, Speech Therapists, Social Workers, Certified Nursing Assistants, Certified Therapy Assistants, Home Health Aides, Therapy Aides, and other similarly-designated skilled and paraprofessional care positions").

Finally, differences in damages amongst putative class members are also not to be considered at the notice stage. "It is well-established that <u>individual questions with respect to</u>

8

damages will not defeat class certification or render a proposed representative inadequate unless that issue creates a conflict which goes to the heart of the lawsuit." *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 86 (S.D.N.Y. 2001) (*quoting In re AM Int'l, Inc. Sec. Litig.*, 108 F.R.D. 190, 196 (S.D.N.Y. 1985) (emphasis added); *cf. Stacy*, 2021 U.S. Dist. LEXIS 198258, at *5 (W.D. Va. Oct. 14, 2021) ("the 'similarly situated' requirement does not mean that 'there can be no differences among class members or that an individualized inquiry may not be necessary in connection with fashioning the specific relief or damages to be awarded to each class member.'") (quoting *LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-CV-00363, 2012 U.S. Dist. LEXIS 143514, 2012 WL 4739534, at *11 (E.D. Va. Oct. 2, 2012)).

## II. The Court Should Provisionally Certify This Case as a Collective Action and Issue Notice to all FLSA Class Members Who Worked Within the Past Three Years

Plaintiff has made the required "modest factual showing that [she] and potential collective action members were victims of a common policy or plan that violated the law." *Lynch,* 491 F. Supp. 2d at 368 (S.D.N.Y. 2007) (internal quotations and citations omitted). Defendants' Home Care Workers worked and/or continue to work under a common policy whereby they were denied the overtime wages required by the FLSA.

"[I]t is beyond dispute that courts regularly determine that two or three declarations corroborating each other constitute a sufficient amount of evidence to conditionally certify a collective action under the FLSA." *Colon v. Major Perry St. Corp.*, No. 12 CIV. 3788 JPO, 2013 WL 3328223, at *6 (S.D.N.Y. July 2, 2013); *cf. Stacy v. Jennmar Corp. of Va., Inc.*, No. 1:21CV00015, 2021 U.S. Dist. LEXIS 198258 (W.D. Va. Oct. 14, 2021) (2 named plaintiff declarations sufficient); *Clark v. Williamson*, No. 1:16cv1413, 2018 U.S. Dist. LEXIS 54311 (M.D.N.C. Mar. 30, 2018) (plaintiff's 1 declaration sufficient).

9

Declarants testified that they each worked for Defendants as a "Caregiver" which required that they drive to clients' homes to perform nonexempt duties such as bathing, clothing, and feeding Defendants' clients; worked at least 1 workweek in the last 3 years in which they worked more than 40 hours; were paid on an hourly basis; and were not properly paid an overtime premium for all of their hours worked over 40.  **Larson Decl. ¶¶ 3-4, 6-7, 11, 14; Lassiter Decl. ¶¶ 1, 4, 6-7; Ailor Decl. ¶¶ 1-2, 4.**  Furthermore, Plaintiff testified that, in response to her internal complaint about not receiving overtime pay, Defendant Ghanbari stated that she would not be paying caregivers such as Plaintiff and the other declarants overtime pay, further evidencing a common policy.  **Larson Decl. ¶ 15.**  See also **Lassiter Decl. ¶ 8** ("During my employment, I questioned [Office Manager] Wendy Stanton as to why I was not being paid overtime when I worked in multiple Regions. Wendy responded that First Light would lose money if they did that and she refused to change overtime pay practices.").  Plaintiff has thus satisfied the "low bar at step one" that "plaintiff and the prospective class members were victims of a common plan or policy that violated FLSA."  *Edwards v. Optima Health Plan*, Civil Action No. 2:20CV192 (RCY), 2021 U.S. Dist. LEXIS 59724, at *10-11, 14, 16-17 (E.D. Va. Mar. 29, 2021) (conditionally certifying class of care management employees based on declarations of 4 employees describing common policy of being classified as overtime exempt) (citing *Yerby v. City of Richmond*, 2020 U.S. Dist. LEXIS 21959, 2020 WL 602268, at *3 (E.D. Va. 2020)).

### III.  Notice Should Issue Promptly

In order to protect potential class members from serious prejudice as to their claims, the Court should decide this motion quickly.  Since the statute of limitations for FLSA claims of potential opt-in Plaintiffs is not tolled by the filing of Plaintiff's Complaint, 29 U.S.C. § 256, any delay in notifying potential class members may seriously prejudice their claims.  Indeed, the very reason for conditional certification of a putative class before extensive discovery takes place is

10

"[b]ecause the statute of limitations continues to run for each individual plaintiff until he or she opts in." *Gortat v. Capala Bros.*, 2010 U.S. Dist. LEXIS, 35451, *30 (E.D.N.Y. Apr. 9, 2010); *Castillo v. P & R Enterprises, Inc*., 517 F. Supp. 2d 440, 444 (D.D.C. 2007) (same). In other words, damages for each week in which Defendants' Home Care Workers worked will expire on the three-year back-end until each putative class member has the opportunity to opt in to the action. Accordingly, the Court should issue notice promptly.

**IV.    Notice Should Issue Over First Class and Electronic Mail; the Notice Period Should Be 60 Days, With a 30 Day Reminder Notice**

In addition to traditional mail, courts authorize opt-in notices to be sent through electronic mail and text message. *Contreras v. Land Restoration LLC*, No. 1:16-CV-883-RP, 2017 WL 663560, at *8 (W.D. Tex. Feb. 17, 2017) ("the court will permit Plaintiffs to distribute notice through mail, email, posting at the workplace, and inclusion in current employee's paychecks."); *Syed v. M-I, L.L.C*., No. 1:12-CV-1718 AWI MJS, 2014 WL 6685966, at *10 (E.D. Cal. Nov. 26, 2014); *Hallissey v. Am. Online, Inc.,* No. 99-CIV-3785 (KTD), 2008 WL 465112, at *3 (S.D.N.Y. Feb. 19, 2008); *McPherson v. LEAM Drilling Sys., LLC*, No. 4:14-CV-02361, 2015 WL 1470554, at *16 (S.D. Tex. Mar. 30, 2015); *Belt v. P.F. Chang's China Bistro, Inc.*, No. 18 Civ. 3821, 2020 U.S. Dist. LEXIS 119283, at *25 (E.D. Pa. Jul. 8, 2020) ("[I]it is appropriate in the modern digital age to distribute notice by mail, email, and text, because although people frequently move and change addresses, they typically retain the same email addresses and phone numbers") (collecting cases); *see also Gallagher v. Charter Foods*, No. 2:20-cv-00049, 2021 U.S. Dist. LEXIS 116930, at *17-18 (W.D. Pa. June 23, 2021) (permitting notice to be sent via first class mail, email, text message, and posting a case-specific website where putative collective members could submit a consent form electronically).

11

Courts regularly authorize 60+ day notice periods for putative class members to join FLSA collective actions. *See, e.g.*, *Encinas v. J.J. Drywall Corp.*, 265 F.R.D. 3, 7 (D.D.C. 2010) ("Ninety days is a reasonable period for putative class members to respond to the notice."); *Stacy v. Jennmar Corp. of Va., Inc.*, No. 1:21CV00015, 2021 U.S. Dist. LEXIS 198258 (W.D. Va. Oct. 14, 2021) (60 days); *Mott v. Driveline Retail Merch., Inc.*, 23 F. Supp. 3d 483, 490 (E.D. Pa. 2014) (120 days).

Courts also routinely approve reminder notices. *Morris v. Lettire Const., Corp.*, 896 F. Supp. 2d 265, 275 (S.D.N.Y. 2012) ("Given that notice under the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in, we find that a reminder notice is appropriate.") (*citing Harris v. Vector Mktg. Corp.*, 716 F.Supp.2d 835, 847 (N.D. Cal. 2010)); *Edwards v. Optima Health Plan*, Civil Action No. 2:20CV192 (RCY), 2021 U.S. Dist. LEXIS 59724, at *26 (E.D. Va. Mar. 29, 2021) (permitting reminder notices); *Sanchez v. Sephora USA, Inc.*, 2012 WL 2945753, at *6 (N.D. Cal. July 18, 2012) ("The Court therefore authorizes Plaintiff to send a second notice, identical to the first, thirty days after the issuance of the first notice.").

Accordingly, Plaintiff respectfully requests that the Court authorize: notice through first-class mail, electronic mail and text message, a sixty (60) day notice period, with a thirty (30) day reminder notice to those who have not responded.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion for Conditional Certification.

Dated: January 4, 2022                                        Respectfully Submitted,

/s/ James E. Goodley
James E. Goodley (VSB 87573)
Ryan P. McCarthy*
GOODLEY MCCARTHY LLC
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 394-0541
james@gmlaborlaw.com
ryan@gmlaborlaw.com

*Attorneys for Plaintiff and the Classes*
*\* Pro Hac Vice Application to be Filed*