IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| JOYCE LARSON, individually and on behalf of all persons similarly situated )<br><br>Plaintiffs, )<br><br>v. )<br><br>TRUE SELECT, LLC, *et al.* )<br><br>Defendants. ) | Case No. 5:21-cv-00077-TTC |

**DEFENDANTS' ANSWER TO COMPLAINT**

Defendants True Select, LLC d/b/a FirstLight Home Care, GuardianLight of Northwestern VA Incorporated d/b/a FirstLight Home Care, and Kendra Ghanbari, by and through undersigned counsel, hereby file this Answer to Plaintiff's Class and Collective Action Complaint (ECF No. 1) ("Complaint"). The paragraph numbers below correspond to the paragraph numbers in the Complaint.

**JURISDICTION AND VENUE**

1. The allegations set forth in Paragraph 1 of the Complaint are legal conclusions for which a response is not required. To the extent a response is required, Defendants admit that this Court has jurisdiction over this matter.

2. The allegations set forth in Paragraph 2 of the Complaint are legal conclusions for which a response is not required. To the extent a response is required, Defendants admit that venue is proper.

**PARTIES**

3. Defendants lack sufficient information to admit or deny the allegations in the first sentence of Paragraph 3 concerning Plaintiff's residence. Defendants deny the allegations in the

1

second and third sentences of Paragraph 3 of the Complaint, except to admit that Plaintiff was employed as an Office Assistant by GuardianLight from March 1, 2021 until September 2021, and to further admit that Plaintiff was employed as a Home Care Worker (Caregiver) by True Select from March 1, 2021 until November 1, 2021.  Defendants state that 29 U.S.C. § 207 speaks for itself.  In response to the last sentence of Paragraph 3, Defendants state that Exhibit A speaks for itself.

4. Defendants deny the allegation in Paragraph 4 of the Complaint, except to admit that True Select is a Virginia Limited Liability Company headquartered in Fairfax and Charlottesville, Virginia.

5. Defendants deny the allegation in Paragraph 5 of the Complaint, except to admit that True Select is a Virginia Limited Liability Company headquartered in Winchester, Virginia.

6. Defendants deny the allegations in Paragraph 6 of the Complaint, except to admit that Ms. Ghanbari is the owner, principal, and managing agent of True Select, and to further admit that that she a 70% owner, principal, and managing agent of GuardianLight, a separate franchise.

7. Defendants admit the allegations in the first sentence of Paragraph 7 of the Complaint.  Defendants deny the allegations in the second Paragraph 7 of the Complaint, except to admit that GuardianLight operates out of Winchester, Virginia and to further admit that True Select, which is a separate franchisee, operates out of Charlottesville, Fairfax, Manassas, and Vienna, Virginia.

## CLASS DEFINITIONS

8. Defendants deny the allegations in Paragraph 8 of the Complaint, except to admit that Plaintiff has attempted to plead a class action pursuant to Fed. R. Civ. P. 23 against

Defendants. Defendants further deny that they engaged in any actions or omissions that would give rise to any legal claims by Plaintiff or the proposed classes of workers.

9. Defendants deny the allegations in Paragraph 9 of the Complaint, except to admit that Plaintiff has attempted to plead a collective action pursuant to the FLSA against Defendants. Defendants further deny that they engaged in any actions or omissions that would give rise to any legal claims by Plaintiff or the proposed classes of workers.

10. The allegations in Paragraph 10 of the Complaint are a legal conclusion for which no response is required. To the extent a response is required, Defendants deny that the classification of this case as a collective action under the FLSA or a class action under Rule 23 of the Federal Rules of Civil Procedures are appropriate, and further deny that Defendants engaged in any actions or omissions that would give rise to any legal claims by Plaintiff or the proposed classes of workers.

11. The allegations in Paragraph 11 of the Complaint are a legal conclusion for which no response is required. To the extent a response is required, Defendants deny that the classification of this case as a collective action under the FLSA or a class action under Rule 23 of the Federal Rules of Civil Procedures are appropriate, and further deny that Defendants engaged in any actions or omissions that would give rise to any legal claims by Plaintiff, the proposed classes of workers, or any other proposed classes of workers.

## FACTS
### Work and Compensation Structure

12. Defendants deny the allegations in Paragraph 12 of the Complaint, except to admit that Plaintiff was scheduled to work 40 hours per week, on an hourly or salary basis, as an Office Assistant for GuardianLight, and to further admit that Plaintiff worked as a Home Care Worker for True Select on a set weekend schedule, on an hourly or fixed-rate basis.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants deny the allegations in Paragraph 14 of the Complaint.

**Individual Liability – Kendra Ghanbari**

15. Defendants deny the allegations in Paragraph 15 of the Complaint, except to admit that Ms. Ghanbari owns True Select and is a 70% owner of GuardianLight, a separate franchise. Defendants further deny that True Select and GuardianLight are sufficiently associated in relation to the Plaintiff's, or any of the proposed classes of workers', employment to be considered together as one employer.

16. Defendants deny the allegations in Paragraph 16 of the Complaint, except to admit that Ms. Ghanbari maintained some control, oversight and discretion of employees of the Companies, which are separate and distinct franchises, by employing managers to direct the work of Plaintiff and other members of the proposed classes on the Companies' behalf. Defendants further deny that True Select and GuardianLight are sufficiently associated in relation to the Plaintiff's, or any of the proposed classes of workers', employment to be considered together as one employer.

17. Defendants deny the allegations in Paragraph 17 of the Complaint, except to admit that Ms. Ghanbari maintained some control, oversight and discretion over the Companies, which are separate and distinct franchises, by employing managers to exercise discretion as to the hiring, firing and discipling of Home Care Workers on the Companies' behalf. Defendants further deny that True Select and GuardianLight are sufficiently associated in relation to the Plaintiff's, or any of the proposed classes of workers', employment to be considered together as one employer.

18. Defendants deny the allegations in Paragraph 18 of the Complaint, except to admit that Ms. Ghanbari exercised some discretionary control over payroll the Companies' payroll

decisions. Defendants further deny that True Select and GuardianLight are sufficiently associated in relation to the Plaintiff's, or any of the proposed classes of workers', employment to be considered together as one employer.

19. In response to the allegations in Paragraph 19 of the Complaint, Defendants admit that Ms. Ghanbari was in charge of Human Resources at True Select and GuardianLight. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 19 concerning the meaning of "employee safety issues." Defendants deny that True Select and GuardianLight are sufficiently associated in relation to the Plaintiff's, or any of the proposed classes of workers', employment to be considered together as one employer.

20. Defendants deny the allegations in Paragraph 20 of the Complaint, except to admit that Ms. Ghanbari exercised some discretionary control over the Companies' payroll decisions and employed managers with supervisory authority over Plaintiff and other members of the proposed classes on the Companies' behalf. Defendants further deny that True Select and GuardianLight are sufficiently associated in relation to the Plaintiff's, or any of the proposed classes of workers', employment to be considered together as one employer.

## Single Employer/Alter-Egos

21. Defendants deny the allegations in Paragraph 21 of the Complaint. Defendants further deny that True Select and GuardianLight are sufficiently associated in relation to the Plaintiff's, or any of the proposed classes of workers', employment to be considered together as one employer.

    a. Defendants deny the allegations in Paragraph 21(a) of the Complaint, except to admit that Guardian Light and True Select are separate franchises in the same line of business.

    b. Defendants deny the allegations in Paragraph 21(b) of the Complaint, except to admit that Ms. Ghanbari owns True Select and is a 70% owner of GuardianLight, and to further admit that Wendy Stanton is employed by GuardianLight.

    c. Defendants deny the allegations in Paragraph 21(c) of the Complaint, except to admit that although the Companies are separate and distinct franchises, Ms. Ghanbari maintains some control, oversight and discretion over the Companies' human resources departments, and the Companies generally employed some of the same or similar employees.

    d. Defendants deny the allegations in Paragraph 21(d) of the Complaint, except to admit that GuardianLight operates out of Winchester, Virginia and to further admit that True Select, which is a separate franchisee, operates out of Charlottesville, Fairfax, Manassas, and Vienna, Virginia.

    e. Defendants deny the allegations in Paragraph 21(e) of the Complaint, except to admit that True Select serves similar customers as GuardianLight.

    f. Defendants admit the allegations in Paragraph 21(f) of the Complaint.

### **Willfulness/Retaliation**

22. Defendants deny the allegations in Paragraph 22 of the Complaint, except to admit that Plaintiff brought a concern to her supervisor on October 8, 2021, stating that she believed that she was paid the wrong rate for some of the hours she worked on a particular weekend shift.

23. Defendants deny the allegations in Paragraph 23 of the Complaint, except to admit that Plaintiff brought a concern to her supervisor on October 8, 2021, stating that she believed that she was paid the wrong rate for some of the hours she worked on a particular weekend shift.

24.     Defendants deny the allegations in Paragraph 24 of the Complaint.

25.     In response to the allegations in the first sentence of Paragraph 25 of the Complaint, Defendants deny that they willfully refused to pay Plaintiff or members of the proposed classes overtime pay. Defendants are without knowledge with respect to the remaining allegations in the first sentence of Paragraph 25 of the Complaint. The allegations in the second sentence of Paragraph 25 of the Complaint are a legal conclusion for which no response is required.

26.     Defendants deny the allegations in the first sentence of Paragraph 26 of the Complaint, except to admit that Defendants learned that Plaintiff was harassing others concerning alleged unpaid overtime issues. Defendants deny the allegations in the second sentence of Paragraph 26 of the Complaint, except to admit that Ms. Ghanbari initially requested that Plaintiff come into the office for a meeting on her day off; however, Plaintiff informed her that she was not available. In response to the allegations in the third sentence of Paragraph 26 of the Complaint, Defendants are without knowledge with respect to whether Plaintiff was available; however, Defendants admit the remaining allegations in the first sentence of Paragraph 26 of the Complaint.

27.     Defendants admit the allegations in the first and second sentence of Paragraph 27 of the Complaint. Defendants deny the allegations in the third and fourth sentence of Paragraph 27 of the Complaint.

28.     Defendants deny the allegations in the first sentence of Paragraph 28 of the Complaint, except to admit that Ms. Ghanbari requested that Plaintiff discuss any concerns she had regarding her pay with her for her concerns to be addressed. Defendants admit the allegations in the second sentence of Paragraph 28 of the Complaint. Defendants deny the allegations in the third sentence of Paragraph 28 of the Complaint and further state Plaintiff abruptly left the meeting and never reported for work.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint, except to admit that Defendants acted in good faith in dealing with Plaintiff and other proposed members of the classes.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

32. In response to Paragraph 32 of the Complaint, Defendants admit that Plaintiff has attempted to plead a collective action on behalf of the FLSA Class defined in the Complaint, but deny that Plaintiff or any others are entitled to such relief.

33. In response to Paragraph 33 of the Complaint, Defendants admit that Plaintiff has individually asserted FLSA claims, and asserted FLSA claims on behalf of individuals who may opt into the collective action, but deny that Plaintiff or any others are entitled to such relief.

34. The allegations in Paragraph 34 of the Complaint are a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 34 of the Complaint and demands strict proof thereof.

35. Defendants deny the allegations in Paragraph 35 of the Complaint, except to admit that some members of the purported FLSA Class defined in the Complaint are identifiable and may be located through Defendants' business and human resource records. Defendants further deny that Plaintiff or any others are entitled to such relief.

36. Defendants deny the allegations in Paragraph 36 of the Complaint, except to admit that Defendants employ members of the purported FLSA class. Defendants further deny that Plaintiff, or any other are entitled to such relief.

**CLASS ACTION ALLEGATIONS**

37. In response to Paragraph 37 of the Complaint, Defendants admit that Plaintiff has attempted to plead a class action on behalf of herself and the Virginia Class defined in the Complaint, but deny that Plaintiff or any others are entitled to such relief.

38. Defendants deny the allegations in Paragraph 38 of the Complaint, except to admit that there are more than 100 members of the purported Class throughout the Commonwealth.

39. Defendants deny the allegations in the first sentence of Paragraph 39 of the Complaint. The allegations set forth in the second sentence of Paragraph 39 of the Complaint are legal conclusions for which a response is not required. To the extent a response is required, Defendants state that Plaintiff is not a proper representative of the alleged classes because the alleged overtime due to Plaintiff was deposited in Plaintiff's bank account on November 8, 2021 by Defendants before Defendants were formally served with the summons and complaint.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

**COUNT I – Unpaid Overtime**
**Violation of VOWA**
**(Plaintiff and the Virginia Class v. Defendants)**

46. In response to Paragraph 46 of the Complaint, Defendants incorporate their prior responses as set forth herein.

47. The allegations in Paragraph 47 of the Complaint constitute a legal conclusion for which no response is required.

48. The allegations in Paragraph 48 of the Complaint constitute a legal conclusion for which no response is required. To the extent a response is required, Defendants deny that Defendants engaged in any actions or omissions that would give rise to any legal claims by Plaintiff or the proposed classes of workers.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Complaint, except to admit that Ms. Ghanbari exercised some discretionary control over the Companies' payroll decisions and employed managers with supervisory authority over Plaintiff and other members of the proposed classes on the Companies' behalf. Defendants further deny that True Select and GuardianLight are sufficiently associated in relation to the Plaintiff's, or any other individual's, employment to be considered together as one employer.

51. The allegations in Paragraph 51 of the Complaint constitute a legal conclusion for which no response is required. To the extent a response is required, Defendants deny that Defendants engaged in any actions or omissions that would give rise to any legal claims by Plaintiff or the proposed classes of workers.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. The allegations in Paragraph 53 of the Complaint constitute a legal conclusion for which no response is required. To the extent a response is required, Defendants deny that Defendants engaged in any actions or omissions that would give rise to any legal claims by Plaintiff or the proposed classes of workers.

54. The allegations in Paragraph 54 of the Complaint constitute a legal conclusion for which no response is required. To the extent a response is required, Defendants deny that Defendants engaged in any actions or omissions that would give rise to any legal claims by Plaintiff or the proposed classes of workers. Defendants further deny that Plaintiff, or the proposed classes of workers, is entitled to any of the relief requested in the Prayer for Relief.

## COUNT II
### Violation of the FLSA
### Plaintiff and the FLSA Class v. Defendants

55. In response to Paragraph 55 of the Complaint, Defendants incorporate their prior responses as set forth herein.

56. The allegations in Paragraph 56 of the Complaint constitute a legal conclusion for which no response is required. To the extent a response is required, Defendants deny that Defendants engaged in any actions or omissions that would give rise to any legal claims by Plaintiff or the proposed classes of workers.

57. The allegations in Paragraph 57 of the Complaint constitute a legal conclusion for which no response is required. To the extent a response is required, Defendants deny that Defendants engaged in any actions or omissions that would give rise to any legal claims by Plaintiff or the proposed classes of workers. Defendants further deny that True Select and GuardianLight are sufficiently associated in relation to the Plaintiff's, or any other individual's, employment to be considered together as one employer.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint, except to admit that Ms. Ghanbari exercised some discretionary control over the Companies' payroll decisions and employed managers with supervisory authority over Plaintiff and other members of the proposed

classes on the Companies' behalf.  Defendants deny that Defendants engaged in any actions or omissions that would give rise to any legal claims by Plaintiff or the proposed classes of workers.

60. The allegations in Paragraph 60 of the Complaint constitute a legal conclusion for which no response is required.  To the extent a response is required, Defendants deny that Defendants engaged in any actions or omissions that would give rise to any legal claims by Plaintiff or the proposed classes of workers.

61. The allegations in Paragraph 61 of the Complaint constitute a legal conclusion for which no response is required.  To the extent a response is required, Defendants deny that Defendants engaged in any actions or omissions that would give rise to any legal claims by Plaintiff or the proposed classes of workers.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

64. Defendants deny the allegations in Paragraph 64 of the Complaint.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

66. The allegations in Paragraph 66 of the Complaint constitute a legal conclusion for which no response is required.  To the extent a response is required, Defendants deny that Defendants engaged in any actions or omissions that would give rise to any legal claims by Plaintiff or the proposed classes of workers.  Defendants further deny that Plaintiff, or the proposed classes of workers, is entitled to any of the relief requested in the Prayer for Relief.

**COUNT III – Retaliation, 29 U.S.C. § 215(a)(3)**
**(Plaintiff v. Defendants)**

67. In response to Paragraph 67 of the Complaint, Defendants incorporate their prior responses as set forth herein.

68. The allegations in Paragraph 68 of the Complaint constitute a legal conclusion for which no response is required. To the extent a response is required, Defendants deny that Defendants engaged in any actions or omissions that would give rise to any legal claims by Plaintiff or the proposed classes of workers.

69. The allegations in Paragraph 69 of the Complaint constitute a legal conclusion for which no response is required. To the extent a response is required, Defendants deny that Defendants engaged in any actions or omissions that would give rise to any legal claims by Plaintiff or the proposed classes of workers.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

72. Defendants deny the allegations in Paragraph 72 of the Complaint.

73. Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Defendants deny the allegations in Paragraph 74 of the Complaint.

75. Defendants deny the allegations in Paragraph 75 of the Complaint.

## GENERAL DENIAL

Defendants deny each and every allegation in the Complaint not specifically admitted herein.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that Plaintiff, individually and on behalf of all others identified in the Complaint, are entitled to any of the relief requested in the Prayer for Relief, including but not limited to, any overtime wages, liquidated damages, back pay, front pay, compensatory and/or punitive damages, costs or attorneys' fees; interest; or any further relief.

## DEFENSES

### FIRST DEFENSE

Claims of certain alleged class members may be barred by the applicable statute of limitations.

### SECOND DEFENSE

Plaintiff is precluded from recovering amounts from Defendants because she was paid everything legally due under the Fair Labor Standards Act and the Virginia Overtime Wage Act.

### THIRD DEFENSE

Even if Plaintiff could establish liability, liquidated damages should be eliminated or reduced because Defendants took all actions in good faith and with reasonable grounds for believing that its actions were not in violation of the Fair Labor Standards Act or the Virginia Overtime Wage Act.

### FOURTH DEFENSE

Defendants acted in good faith in dealing with Plaintiff and did not willfully or otherwise violate the Fair Labor Standards Act or the Virginia Overtime Wage Act.

### FIFTH DEFENSE

Even if Plaintiff could establish liability, any liquidated damages should be offset by Defendants' prior payment to Plaintiff for alleged overtime due which Defendants deposited in Plaintiff's bank account on November 8, 2021 before Defendants were formally served with the summons and complaint.

### SIXTH DEFENSE

To the extent Plaintiff cannot establish a willful violation of the Fair Labor Standards Act, Plaintiff cannot recover beyond the two-year statute of limitations period under the Fair Labor Standards Act, 29 U.S.C. § 255(a).

### SEVENTH DEFENSE

Some of the claims under the Virginia Overtime Wage Act are barred because the relevant portion of the statute was not yet in effect and the statute is not retroactive.

### EIGHTH DEFENSE

Plaintiff is not entitled to certification of this action as a collective action because (among other reasons) Plaintiff and the proposed class members are not similarly situated to one another.

### NINTH DEFENSE

Plaintiff is not entitled to certification of this action as the proposed class action fails to meet the numerosity requirement of Rule 23(a)(1).

### TENTH DEFENSE

Plaintiff is not entitled to certification of this action as the proposed class action fails to meet the commonality requirement of Rule 23(a)(2).

### ELEVENTH DEFENSE

Plaintiff is not entitled to certification of this action as the proposed class action fails to meet the typicality requirement of Rule 23(a)(3).

### TWELVETH DEFENSE

Plaintiff cannot prove the *prima facia* case required for Count III of the Complaint.

### THIRTEENTH DEFENSE

Defendants had legitimate, non-retaliatory reasons for all actions taken.

### FOURTEENTH DEFENSE

Defendants reserve the right to raise such other defenses as might become known to them in the course of discovery in this litigation.

**WHEREFORE**, Defendants True Select, LLC d/b/a FirstLight Home Care, GuardianLight of Northwestern VA Incorporated d/b/a FirstLight Home Care, and Kendra Ghanbari, respectfully requests that this Court:

A. Dismiss the Collective and Class Action Complaint filed by Plaintiff; and

B. Award it such other and further relief as the Court deems just and equitable.

Dated: January 5, 2022                                    Respectfully submitted,

                                                        /s/ *Steven W. Ray*
Steven W. Ray
Virginia Bar No. 32320
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
Phone: (703) 748-2690
Facsimile: (703) 748-2695
sray@islerdare.com
*Counsel for Defendants*

16

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of January 2022, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system and will also serve a copy of the foregoing via electronic mail upon the following:

James E. Goodley, Esq.
Goodley McCarthy LLC
1650 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
james@gmlaborlaw.com

*Counsel for Plaintiff*

Respectfully submitted,

_____/s/ *Steven W. Ray*_____
Steven W. Ray
Virginia Bar No. 32320
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
Phone: (703) 748-2690
Facsimile: (703) 748-2695
sray@islerdare.com
*Counsel for Defendants*