IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **JOYCE LARSON, individually and on behalf of all persons similarly situated,** | : <br> : <br> : |
| **Plaintiff** | : <br> Case No.: 5:21-cv-00077-TTC |
| v. | : <br> **Class/Collective Action** |
| **TRUE SELECT, LLC, et al.** | : <br> : <br> : |
| **Defendants.** | : <br> : |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF
<u>MOTION FOR CONDITIONAL CERTIFICATION</u>**

Plaintiff Joyce Larson, on behalf of herself and all others similarly situated, through undersigned counsel, submits this Reply to Defendants' Memorandum of Law in Opposition ("Opposition") to Plaintiff's Motion for Conditional Certification ("Motion"). Plaintiff will briefly respond to Defendant's following arguments:

1. The Court should reject Defendants' attempts to impose the more "onerous" prerequisites of typicality, numerosity and predominance (*see* Opposition at pp. 3, 4-5, 10) for class certification under Federal Rule of Civil Procedure 23. Unlike Rule 23, Plaintiff's Motion for FLSA conditional certification, involves only a "**'fairly lenient' standard [] requiring production of only 'minimal evidence**.'" *Edwards v. Optima Health Plan*, Civil Action No. 2:20CV192 (RCY), 2021 U.S. Dist. LEXIS 59724, at *9, 10 (E.D. Va. Mar. 29, 2021) (quoting *Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 562 (E.D. Va. 2006) (emphasis added); *Higgins v. James Doran Co.*, 2017 U.S. Dist. LEXIS 119139 (D.S.C. July 28, 2017) ("**Rule 23's requirements of numerosity, typicality, commonality, and adequacy do not apply**") (emphasis added); *Vazquez-Aguilar v. Gasca*, 477 F. Supp. 3d 418, 424 (E.D.N.C. 2020) ("[D]efendants

1

presume a stricter standard than is required by the [FLSA] . . . . collective action conditional certification under the FLSA is a less rigorous standard that class action certification[.]").

        2.       Numerosity is not relevant to FLSA certification. Defendants argue, "First, Plaintiff is only one of a minority of individuals who performed over 40 hours of work across both GuardianLight and True Select. *See* Ex. A, Ghanbari Decl. ¶ 23. **Plaintiff's declaration in support of her Motion is notably silent as to the number of employees who performed work for both entities**, or how frequently, or who worked overtime when they did work for both entities." Defendants' Opposition at pp. 4-5 (emphasis added). But unlike Rule 23, Plaintiff has no obligation under 29 U.S.C. § 216(b) to show that a certain threshold number of employees are similarly situated in order for conditional certification to be granted. There could be 7, 15, or 150 other Health Care Workers who were improperly denied overtime by Defendants, and each of these collective sizes would be eminently appropriate for FLSA collective action certification as there is simply no numerosity requirement. *See Higgins v. James Doran Co.*, 2017 U.S. Dist. LEXIS 119139 (D.S.C. July 28, 2017) ("Rule 23's requirements of numerosity, typicality, commonality, and adequacy do not apply"); *Sharkey v. Fortress Sys. Int'l*, No. 3:18-cv-00019-FDW-DCK, 2019 U.S. Dist. LEXIS 7079 (W.D.N.C. Jan. 15, 2019) (same); *Fuentes v. Super Bread II Corp.*, Civil Action No. 18-6736 (ES) (CLW), 2020 U.S. Dist. LEXIS 231130 (D.N.J. Dec. 9, 2020) (denying Rule 23 class certification for failing to establish numerosity requirement, but granting FLSA conditional certification).

        3.       Defendants' argument that Plaintiff is not a proper representative because, in addition to her Home Care Worker duties, she also performed office duties, completely misunderstands both Plaintiff's claims and FLSA conditional certification. Plaintiff is a proper FLSA collective representative because she worked at least one (1) workweek as a Home Care

Worker over 40 hours; and (2) did not receive an overtime premium for each hour worked over 40. More specifically, the Complaint makes clear that the <u>class-wide</u> claims are based on Plaintiff's work for two (2) weeks in 2021 in which she worked more than 40 hours *solely as a Home Care Worker,* and was not paid an overtime premium. *See* **Complaint ¶¶ 13-14; Larson Decl. ¶¶ 4, 14**. Defendants needlessly confuse the issues by pointing out that Plaintiff also asserts, for the approximately <u>six months prior</u>, claims on an <u>individual</u> basis for time in which she was predominantly working in the office as an Office Assistant and claims unpaid overtime based on salary misclassification. *See* **Complaint ¶ 12** ("Plaintiff worked approximately 40 hours per week as a salaried Office Assistant (performing non-exempt secretarial duties) and approximately one 24 hour shift as an hourly-compensated Home Care Worker."). In short, Plaintiff's time as an Office Assistant (although clearly not an overtime-exempt position) is not at issue in the class analysis, and should not be at issue in this Motion. With respect to her Home Care Work from mid-September until her illegal termination on November 1, Plaintiff has made the required modest factual showing that she, the Declarants, and other Home Care Workers are "similarly situated" because they "were victims of a common plan or policy that violated FLSA." *Edwards*, 2021 U.S. Dist. LEXIS 59724, at *10 (quoting *Yerby v. City of Richmond*, 2020 U.S. Dist. LEXIS 21959, 2020 WL 602268, at *3 (E.D. Va. 2020)).

    4.     Defendants point out factual disputes, such as Plaintiff's knowledge of Defendants' payroll practices (*compare* Opposition at p. 5 *with* Larson Decl. ¶¶ 8-9, 11-12 (asserting her knowledge of Defendants' payroll practices based on her time spent in the office)). However, fact disputes are simply not at issue at conditional certification. *See Stacy v. Jennmar Corp. of Va., Inc.*, No. 1:21CV00015, 2021 U.S. Dist. LEXIS 198258, at *4 (W.D. Va. Oct. 14, 2021) ("**At this

**stage, the merits of the claims are not relevant, and the court is not resolving factual disputes or making credibility determinations.**") (emphasis added).

5. Additionally, Defendants' asserted factual distinctions between Plaintiff and other Home Care Workers (such as the purported distinction between the job duties of companion care services and health-based caregiving services, *see* Opposition at pp. 5, 8-9) are inconsequential for FLSA conditional certification because the Home Care Workers "**do not need to be factually identical**" for conditional certification to be granted; rather, Home Care Workers need only be subject to a common, illegal policy. *Edwards v. Optima Health Plan,* 2021 U.S. Dist. LEXIS 59724, at *10 (E.D. Va. Mar. 29, 2021); *see also, e.g.*, *Valencia v. Armada Skilled Home Care of NM, LLC*, No. 18-1071 KG/JFR, 2020 U.S. Dist. LEXIS 93206, at *3, 9 (D.N.M. May 28, 2020) (conditionally certifying class of "home health Registered Nurses, Physical Therapists, Occupational Therapists, Speech Therapists, Social Workers, Certified Nursing Assistants, Certified Therapy Assistants, Home Health Aides, Therapy Aides, and other similarly-designated skilled and paraprofessional care positions"); *Edwards,* 2021 U.S. Dist. LEXIS 59724, at *15, 20 (rejecting Defendants' argument that conditional certification was inappropriate because Plaintiff's sought certification of a employees encompassing "forty-three different job codes" in the managed care industry, including Behavioral Health Utilization Managed Care Coordinators, Integrated Care Managers, Transition Care Coordinators, Authorization Coordinators, Pre-Authorization Coordinators, and Clinical Claims Reviewers, despite Defendant presenting declarations showing that "particular job duties within each job role can vary significantly—with some working in the field with members, others conducting utilization reviews, and others working on special projects—and across the different departments of the company"); *Kuznyetsov v. West Penn Allegheny Health Sys., Inc. et al.*, 2009 WL 1515175 (W.D. Pa. June 1, 2009) (conditionally

certifying class of all non-exempt hospital employees against numerous individual, hospital and healthcare network employers, "**regardless of job title or work location**") (emphasis added); *Lopez v. Hal Collums Constr., LLC*, No. 15-4113, 2015 U.S. Dist. LEXIS 155910, at *7 n.2, 17-18 (E.D. La. Nov. 18, 2015) (rejecting defendants' argument that conditional certification of a class of field carpenters, field laborers, shop carpenters, shop helpers, painters, millwrights, machine operators and other types of employees, who worked at various companies, was inappropriate because "[w]**hether at the notice stage or on later review, collective action certification is not precluded by the fact that the putative plaintiffs performed various jobs in differing departments or locations**") (emphasis added).

Any alleged differences in the duties between home companion and home healthcare workers are especially inconsequential in this particular case where *Defendants concede that no Home Care Workers, regardless of whether they worked for First Light or GuradianLight, are paid on a salary or fee basis*, and thus, cannot possibly be exempt from the overtime requirements of the FLSA.  *See* **Defendants' Opposition at p. 2** ("Home Care Workers are compensated in one of two ways by True Select and GuardianLight ('Companies'): (1) hourly or (2) on a flat-rate basis, when they are providing live-in caregiving and/or companion services.") (citing ECF No. 16-1, Genbari Decl. ¶¶ 13-14); *see* **29 C.F.R. § 541.600** ("To qualify as an exempt executive, administrative or professional employee under section 13(a)(1) of the Act, an employee must be compensated on a <u>salary basis</u> at a rate of not less than $684 per week") (emphasis added); **29 C.F.R. § 541.605** ("Administrative and professional employees may be paid on a fee basis, rather than on a salary basis [but] [p]ayments based on the number of hours or days worked and not on the accomplishment of a given single task are not considered payments on a fee basis..").  Thus, Defendants admit that no Home Care Worker is exempt from the overtime requirements of the

5

FLSA, i.e., all Home Care Workers are similarly situated as to the nonpayment of overtime compensation to nonexempt employees.

If it were the case that differences in duties *and pay* of companion care v. healthcare workers created an actual legal distinction under the FLSA as to whether one group was exempt from overtime requirements (which is not the case at all), Defendants' argument that certification "would prejudice Defendants' ability to present defenses and/or would require mini trials for each of the opt-in plaintiffs" (Opposition at p. 10) would then only be properly considered *at final certification (decertification) stage of analysis*. See *Cummins v. Ascellon Corp.*, Civil Action No. DKC 19-2953, 2020 U.S. Dist. LEXIS 207677 (D. Md. Nov. 6, 2020) (the defendant's "**argument goes to the merits of whether these Surveyors were exempt under the FLSA. Weighing into the merits of the FLSA's requirements in this way is inappropriate at the conditional certification stage.**") (emphasis added); *Tompkins v. Farmers Ins. Exch.*, No. 5:14-cv-3737, 2015 U.S. Dist. LEXIS 108968, at *13 (E.D. Pa. Aug. 18, 2015) ("**The remainder of Defendant's arguments, including those concerning the exempt or non-exempt status of Plaintiffs and the proposed members, concern the merits of the dispute, which the Court is not called on to address at this juncture.**") (emphasis added); *Robinson v. Empire Equity Grp., Inc.*, No.: WDQ-09-1603, 2009 U.S. Dist. LEXIS 107607, at *17-18 (D. Md. Nov. 18, 2009) ("**arguments about dissimilarities and exemptions are more appropriately addressed after it is known who the class will consist of and some of the factual issues can be fleshed out in discovery**.") (cleaned up; emphasis added); *Stacy v. Jennmar Corp. of Va., Inc.*, No. 1:21CV00015, 2021 U.S. Dist. LEXIS 198258, at *5 (W.D. Va. Oct. 14, 2021) ("**the 'similarly situated' requirement does not mean that 'there can be no differences among class members or that an individualized inquiry may not be necessary in connection with fashioning the specific relief or damages to**

**be awarded to each class member.**'"). But here, where Defendants have shown that no Home Care Workers can even possibly be exempt, all that will be at issue at trial is the number of hours worked and the amount of overtime paid (if any) for each hour worked over 40, which is always at issue in any FLSA collective action and cannot possibly be a reason to deny conditional certification.

Additionally, as Defendants are surely aware, "courts . . . have uniformly held that damages in FLSA overtime cases can be proved with testimony from a representative group of plaintiffs." *Snodgrass v. Bob Evans Farms, LLC*, No. 2:12-cv-768, 2015 U.S. Dist. LEXIS 33621, at *n.6 (S.D. Ohio Mar. 18, 2015) (citing *Dept. of Labor v. Cole Enters., Inc.*, 62 F.3d 775, 781 (6th Cir. 1995); *Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58 (2nd Cir. 1997); *Reich v. S. Md. Hosp., Inc.*, 43 F.3d 949, 951 (4th Cir. 1995); *Martin v. Tony and Susan Alamo Found.*, 952 F.2d 1050, 1052 (8th Cir. 1992); *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1297 (3d Cir. 1991); *Sec'y of Labor v. DeSisto*, 929 F.2d 789, 792 (1st Cir. 1991); *McLaughlin v. Ho Fat Set*o, 850 F.2d 586, 589 (9th Cir. 1988); *Brock v. Norman's Country Mkt., Inc.*, 835 F.2d 823, 828 (11th Cir. 1988); *Beliz v. W.H. McLeod & Sons Packing Co.*, 765 F.2d 1317, 1331 (5th Cir. 1985)). In *Reich v. S. Md. Hosp., Inc.*, the Fourth Circuit explained, "**The court can award back wages under FLSA to non-testifying employees based on the 'fairly representational' testimony of other employees.**" *Reich v. S. Md. Hosp., Inc.*, 43 F.3d at 951. Therefore, Defendants' complaints of purported need for mini trials unwarranted. For the same reasons, Defendant's argument that Plaintiff's "schedule was not typical of the class and any alleged damages would vary[1] throughout

---

[1] Defendants cannot seriously maintain that differences in damages are a basis to defeat FLSA conditional certification. Even under Fed. R. Civ. P. 23 class certification, "'recognition that individual damages calculations do not preclude class certification under Rule 23(b)(3) is well nigh universal.'" *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 374-75 (3d Cir. 2015) (quoting *Comcast Corp. v. Behrend*, 569 U.S. 27, 42 (2013) (Ginsburg, J. & Breyer, J., dissenting)).

the class, is similarly unavailing. *See* Opposition at pp. 5, 9. If Defendants' assertion that "only a limited number of potential plaintiffs exist in this case" turns out to be true (Opposition at p. 12), then Plaintiff may be able to prove her case at trial with only a handful of representative witnesses.

Furthermore, Defendants confirm that Home Care Workers are paid on these same bases regardless of whether they performed "**caregiving and/or companion services**," belying their argument (incorrect as it was on a legal basis) that Plaintiff's circumstances are any different than other Home Care Workers for FLSA pay policy purposes. Opposition at p. 2 (emphasis added). Defendants also confirm that: Plaintiff was not paid overtime for her hours worked over 40 and that other workers were similarly undercompensated. *See* Opposition at p. 4 (noting that other Home Care workers worked more than 40 hours across First Light and GuardianLight); p. 6 (calculating Plaintiff's unpaid overtime wages). Coupled with the allegations in the Complaint and the Declarations of Lassiter and Ailor explaining that they did not receive overtime for all hours worked over 40, Defendants' assertions and evidence bolster Plaintiff's "**modest factual showing**" of a common policy or plan that violated the FLSA. *Stacy*, 2021 U.S. Dist. LEXIS 198258, at *8 (emphasis added).

6. Defendants' assertion regarding Plaintiff's alleged lack of personal knowledge of Defendants' payroll policies at other locations (Opposition at p. 7) is immaterial where two other Home Care Workers provided testimony explaining they, similar to Plaintiff, worked as Home Care Workers and did not receive overtime compensation for each hour worked over 40. Moreover, Defendants admitted their payroll policies are the same for all Home Care Workers across both Companies. *See* Opposition at p. 2.

7. Defendants' assertion that they "regularly pay overtime for all workweeks in which Home Care Workers work more than 40 hours for either one of the entities," Opposition at p. 8, is

8

merely a merits or factual dispute (contradicting the Declaration of Katherine Ailor, who only worked for First Light and testified she did not receive an overtime premium in at least one workweek where she worked 50 hours, ¶¶ 1-4) not to be considered at conditional certification. The Court is not called upon at this early stage to evaluate whether Defendants paid Home Care Workers in accordance with the FLSA at conditional certification. *See Fischer v. Fed. Express Corp.*, 509 F. Supp. 3d 275, 284 (E.D. Pa. 2020) ("the Court should not evaluate the merits of the case, consider the weight of the evidence, or resolve factual disputes"). Furthermore, this admission unequivocally implies that Defendants *did not pay overtime compensation* to any Home Care Worker who worked more than 40 hours in a workweek across both Companies. Conditional certification is thus appropriate as to "All current or former Home Care Workers . . . of True Select, LLC or GuardianLight of Northwestern VA, Incorporated . . . who were not paid overtime compensation at 150% of their applicable regular rates of pay for at least on workweek since July 1, 2021, in which they worked in excess of forty (40) hours." **Complaint ¶ 9**.

8. Defendant's argument that Plaintiff's retaliation claim will "predominate" the collective claims is farcical. Opposition at pp. 10-11. Employers may not avoid collective (or class) wage and hour liability by merely terminating the named plaintiff's employment in violation of the anti-relation provisions of the FLSA and then claim that the named plaintiff is not an appropriative representative because Defendants terminated her employment in violation of the law. Further, the Rule 23 predominance requirement is irrelevant to FLSA collective certification. *See Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 518-19 (2d Cir. 2020) ("**it is already well established that the FLSA's 'similarly situated' requirement is independent of, and unrelated to Rule 23's requirements**, **and that it is quite distinct from the <u>much higher threshold</u> of demonstrating that common questions of law and fact will <u>predominate</u> for Rule 23**

**purposes**[.] **Nearly every circuit to consider the relationship between the modern Rule 23 and § 216(b) has reached the same conclusion.**") (collecting circuit cases) (internal cites and quotes omitted; emphasis added).

9. Defendants provide no legal authority for their assertion that the class period should be limited only to the time period during which Plaintiff or Declarants worked for Defendants. *See* Opposition at p. 11. Nor could they. Indeed, Defendants offer no evidence or even argument at all that their practices changed in any legally significant way during the past three years. The Court should reject this argument and approve a Notice period of three years, as provided for under the FLSA's statute of limitations provision, 29 U.S.C. § 255(a).

10. Defendants' arguments that the geographic limitations should be imposed are mistaken where, as explained above, Defendants admit that all Home Care Workers across both companies (and regardless of "region") are compensated on the same (non-salary/non-fee/non-exempt) basis. In addition to the Declarants' testimony and Defendants' admission that all Home Care Workers across Companies are paid on the same basis, Defendants are Virginia companies conducting business solely in Virginia. *See* ECF 16-1, Ghanbari Decl. ¶¶ **7, 9, 13, 14.** As such, Defendants' citation to a single case where court limited the geographic jurisdiction of a proposed multi-state/national FLSA collective actions is inapplicable here. *See* Opposition at p. 8 (citing to *Stone v. SRA Int'l Inc.*, No. 2:14cv209, 2014 WL 5410628, at *89 (E.D. Va. Oct. 22, 2014) for "denying nationwide class certification because of numerous work locations across several states involving over one hundred individuals"). The proposed class in Stone worked "more than thirty work locations in seventeen states." *Id.* at 28.

11. Plaintiff agrees in part with Defendants' assertion about which Home Care Workers should receive notice of this lawsuit. Specifically, Plaintiff agrees that Notice should be issued to

"workers who were engaged during the three years," prior to the date Notices are issued. Opposition at p. 12.

**12. Defendants request that the Notice to putative Collective Members state that Health Care Workers may contract Defendants' counsel about the lawsuit is highly inappropriate.** Defendants provide no legal authority for their requests and should not be permitted the ability to do so. Defendants' attempt to have Defendants' counsel communicate—in an unsupervised manner—with putative collective members can only serve one purpose: to dissuade putative collective members from joining the case. This is an inappropriate request and should not be permitted. *See, e.g.*, *Agerbrink v. Model Serv. LLC*, 2015 U.S. Dist. LEXIS 145563 (S.D.N.Y. Oct. 27, 2015) (emphasis added):

> Indeed, the need for a district court to ensure that all parties act fairly is especially great during the early stages of FLSA litigation. Because formal notice to potential plaintiffs is sent only after conditional certification, "pre-certification, ex parte communication with putative FLSA collective members about the case has an inherent risk of prejudice and opportunities for impropriety." *Billingsley v. Citi Trends, Inc.*, 560 F. App'x 914, 921 (11th Cir. 2014). **Moreover, "[b]ecause FLSA plaintiffs must opt-in, unsupervised, unilateral communications with those potential plaintiffs can sabotage the goal of the FLSA's informed consent requirement by planting the slightest seed of doubt or worry through the one-sided, unrebutted presentation of 'facts.'"** *Id.* at 924; *see also Belt [v. Elmcare, Inc.]*, 299 F. Supp. 2d [664,] 669 (S.D. Tex. 2003) ("Defendants' conduct is more egregious in this collective action than it would be in a class action because potential class members must opt into the collective action rather than opt out as in a class action.").

Here, where there is Declaration testimony regarding Defendants' termination of Plaintiff's employment in unlawful retaliation for engaging in protected FLSA activity, **Larson Decl. ¶ 16**, and Defendants' counsel has (incredibly) attempted to utilize the unlawful termination as a basis to defeat conditional certification, Opposition at pp. 10-11, the Court should deny Defendant's counsel's requests for unsupervised communications with putative class members, many of whom will ultimately become Plaintiff's counsel's clients.

13. Defendants admit that courts in this circuit regularly approve 30–60-day opt-in periods and provide no basis for their request to reduce Plaintiff's presumptively appropriate notice period of 60 days to 45 days. *See* Opposition at pp. 12-13. However, <u>*if* the Court permits Plaintiff's counsel to send reminder notices</u> halfway through the opt-in period, Plaintiff consents to Defendant's proposed 45-day opt-in period. In Plaintiff's counsel's experience litigating FLSA collective actions, putative FLSA collective members tend to opt into an FLSA collective action in significant numbers within a few days or a week of receiving the initial notice, and then again just after the reminder notices are sent. In Plaintiff's counsel's experience, reminder notices serve a crucial purpose in preserving the legal rights of putative opt-in plaintiffs' who may have intended to opt in, but perhaps due to, e.g., a busy work schedule, simply forgot about the notice they received 30 days earlier.

14. Reminder Notices are appropriate, especially here where: (1) as Defendants admit, the Home Care Workers work at various locations throughout the state and are less likely to interact with each other and discuss the notices and case; and (2) Defendants have engaged in unlawful retaliation of Plaintiff Larson and interfered with her statutorily protected rights to discuss terms and conditions of employment with her fellow coworkers (including Defendants' illegal refusal to pay overtime compensation). This conduct is reasonably likely to chill participation in this case. *See* **Larson Decl. ¶ 16; Compl. ¶¶ 22-28; 29 U.S.C. § 157** ("Employees shall have the right to self-organization … and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection.").[2] District courts in this and other circuits routinely

---

[2] See also "National Labor Relations Board – About Us – Your Rights." Available at: https://www.nlrb.gov/about-nlrb/rights-we-protect/your-rights ("...Under the National Labor Relations Act (NLRA or the Act), **employees have the right to communicate with other employees at their workplace about their wages**. Wages are a vital term and condition of

approve reminder notices to be sent in FLSA collective actions. *Morris v. Lettire Const., Corp.*, 896 F. Supp. 2d 265, 275 (S.D.N.Y. 2012) ("Given that notice under the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in, we find that a reminder notice is appropriate.") (*citing Harris v. Vector Mktg. Corp.*, 716 F.Supp.2d 835, 847 (N.D. Cal. 2010)); *Edwards v. Optima Health Plan*, Civil Action No., 2021 U.S. Dist. LEXIS 59724, at *26 (E.D. Va. Mar. 29, 2021) (permitting reminder notices); *Garcia v. Vertical Screen, Inc.*, 387 F. Supp. 3d 598, 608 (E.D. Pa. 2019) ("Courts in this Circuit regularly permit follow-up notices and posting of the notice at work sites of the defendant.") (quoting *Archer v. Defenders, Inc.*, No. 18-470, 2018 U.S. Dist. LEXIS 194704 (D. Del. Nov. 14, 2018)). In *Amoko v. N&C Claims Serv., Inc.*, No. 3:20-cv-04346-SAL, 2021 U.S. Dist. LEXIS 249676, *10 (D.S.C. Dec. 29, 2021), the Court reasoned that reminder notices were not necessary because "many of the putative members have already opted into the action." Here, where there is a disperse workforce, no putative collective members have yet opted in, and Defendants have engaged in bad-faith conduct to interfere with employees' rights to discuss workplace pay issues and participate in this case, reminder notices are especially warranted.

15.     Throughout their Opposition, Defendants cite to certain settlement offers (and clearly not offers of judgment) made to Plaintiff on an individual (non-class basis) and argue—without citation to any legal authority—that this somehow makes Plaintiff an inappropriate collective representative. Opposition at p. 5-6. As there is no legal authority regarding any effect of Defendants' (non-judgment) offers of settlement to Plaintiff, the Court should reject Defendants' argument that Plaintiff is an inappropriate collective representative.

---

employment, and discussions of wages are often preliminary to organizing or other actions for mutual aid or protection.") (emphasis added).

13

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion for Conditional Certification.

Dated: January 24, 2022                                   Respectfully Submitted,

/s/ James E. Goodley
James E. Goodley (VSB 87573)
Ryan P. McCarthy*
GOODLEY MCCARTHY LLC
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 394-0541
james@gmlaborlaw.com
ryan@gmlaborlaw.com

*Attorneys for Plaintiff and the Classes*
*\* Pro Hac Vice Application to be Filed*